The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> 1. HECTOR DURAN ALDACO, <br> 2. DAMIAN PINA-RAYMUNDO, <br> 3. DANIEL MORENO, <br> 4. ROGELIO PENA, <br> 5. DAVID PADILLA, <br> 6. ALEX ORTIZ, <br> 7. NELDIN LICONA RIVERA, <br> 8. ALEXANDER KEMP, <br> 9. BRYAN GONZALEZ GUTIERREZ, and <br> 10. SEBASTIAN ROJAS, <br><br> Defendants. | NO. CR24-079 KKE <br><br> STIPULATED MOTION TO CONTINUE TRIAL <br><br> NOTE ON MOTION CALENDAR: <br> June 6, 2024 |

## I. INTRODUCTION

The parties set forth below, by and through their respective attorneys of record, respectfully move the Court to continue the trial date in this case to July 21, 2025. The parties further move the Court to set a pretrial motion cutoff consistent with the new trial date.

//

Stipulated Motion to Continue Trial - 1
*United States v. Duran Aldaco et al.* / CR 24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

//

## II. BACKGROUND

A. The Investigation.[1]

**1. Original Investigation and Wiretaps.**

This case arises out of a joint investigation by the Drug Enforcement Administration (DEA), the Federal Bureau of Investigation (FBI), the Seattle Police Department (SPD). These agencies, together with other state and federal law enforcement agencies, have been investigating a Drug Trafficking Organization (DTO) allegedly headed by lead defendant Hector Duran Aldaco. During the investigation, law enforcement officers conducted numerous hours of surveillance, and utilized various other law enforcement techniques. Those techniques included controlled buys and seizures from some of the defendants.

The investigation ultimately led to the use of court-authorized Title III wire intercepts. In total, agents received authorization to intercept two social media accounts, and a total of four traditional cell phones, with interceptions occurring between November 2023 and March 2024.

The government contends that the wiretaps and other investigative techniques allegedly revealed a conspiracy to distribute large amounts of fentanyl, methamphetamine, and cocaine. More than 500,000 fentanyl-laced pills, 93 kilograms of methamphetamine, 22 kilograms of cocaine were allegedly seized during the investigation. A number of firearms were also seized during the investigation.

**2. The Indictments.**

On May 8, 2024, the grand jury returned three indictments charging a total of 13 defendants with seven counts, including Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, Possession with Intent to Distribute, in violation of

---

[1] The background facts are based on the government's allegations herein, and are solely provided to give the Court an idea of the issues at stake in this matter. The defense does not, by entering into this stipulation, agree that the government's allegations are necessarily true, and all of the defendants have entered not guilty pleas.

Stipulated Motion to Continue Trial - 2
*United States v. Duran Aldaco et al.* / CR 24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

21 U.S.C. §§ 841(a)(1), and Using a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). Ten defendants were charged under CR24-079 KKE, two defendants were charged under CR24-081 KKE, and one defendant was charged under CR24-082 KKE.

**3.  Takedown and Arrests.**

The "takedown" was conducted on May 14, 2024. Of the thirteen defendants indicted on May 8, 2024, eleven were arrested that day. Two of these defendants remain at large.

Twenty-three warrants were executed at locations allegedly associated with the DTO at the same time of the various defendants' arrest on May 8, 2024. The searches resulted in the seizures of drugs, firearms, and U.S. currency. Agents and officers seized approximately 12 kilograms of methamphetamine, one kilogram of cocaine, and 14,000 fentanyl-laced pills. At takedown two additional defendants were arrested based on probable cause. These two defendants have now been charged in two separate indictments.[2] However, the government reserves the right to add any or all of these separately charged defendants into one of the original indictments in the future.

### III.  DISCOVERY STATUS

The government has already produced all of the core wiretap discovery to counsel for all of the Defendants in all of the related cases. This includes all wiretap pleadings, all wire intercepts sessions (audio, text messages and MMS/internet data). Additionally, the government has produced numerous DEA investigative reports, FBI investigative reports, and search warrant materials. The government has also sought to produce almost all of the defendants a separate batch of individualized discovery. Which included each defendant's criminal history/rap sheet. The government has produced over 9,000 pages of discovery at this point.

---

[2] These separate but related indictments – against Otis Lee Dew, and Brian Lopez – have already been transferred to this Court.

Stipulated Motion to Continue Trial - 3
*United States v. Duran Aldaco et al.* / CR 24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

However, the government is continuing to work on getting remaining discovery to the defendants through the court appointed discovery coordinators. The government is currently working to produce a significant amount of discovery already in its possession from the DEA. The government also anticipates receiving additional discovery from the "takedown" from the FBI, the DEA and other state and local agencies, including multiple surveillance reports and photographs, as well as nearly multiple terabytes of data from pole cameras that were used throughout the investigation. Additionally, the government is also in the midst of producing location data for multiple vehicle tracking warrants, and GPS data for cell phones. The discovery in this case is quite voluminous.

### IV. NEED FOR CONTINUANCE AND AUTHROITY

**A.  The Stipulating Parties Agree that a Continuance is Clearly Necessary.**

The government, through an email sent to counsel on May 31, 2024, sought the views of defense counsel regarding the need for a continuance of the current rial date, as well as what a reasonable trial date might be. As of this date, six defendants have been arraigned in this case in this district.[3] All six Defendants agree that July 21, 2025, is the earliest this case could realistically be ready for trial and are hereby stipulating to a continuance to that date.

**B.  Legal Authority for Continuance.**

Pursuant to 18 U.S.C. §§ 3161(h)(7)(B)(i), (ii) and/or (iv), this Court has the discretion to order the continuance of the existing trial date, and to exclude the delay from the speedy trial calculation in these circumstances. The number of defendants, the interlinked indictments, and the sheer volume of discovery make it difficult to foresee this case being ready for trial much sooner than a year after the arrests.

Accordingly, based on the foregoing facts, "(i) the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding

---

[3] Two charged defendants, David Padilla and Sebastian Rojas, were arrested in Oregon, and have yet to make their initial appearance in this district.

Stipulated Motion to Continue Trial - 4  
*United States v. Duran Aldaco et al.* / CR 24-079 KKE

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

impossible, or result in a miscarriage of justice," because "(ii) " . . . the case is so unusual or complex, due to the number of defendants, the nature of the prosecution or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." Even if the case was not "complex" within the meaning of subsection (ii), a continuance would nonetheless be appropriate under subsection (iv), because " . . . the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

C.     **A Continuance is in Fact Necessary.**

A significant continuance to July 21, 2025, is in fact necessary and appropriate. Again, this case is quite complex, and includes a number of related cases. The indictments arise out of a years-long investigation into the (alleged) distribution of significant quantities of drugs over a lengthy period of time.  The conspiracy spanned multiple states and involved extensive physical and electronic surveillance.  The discovery is voluminous, including a large volume of surveillance photographs, many hours of surveillance and pole camera videos, scores of photographs documenting the searches of over a dozen locations, and voluminous law enforcement reports.  There is also a considerable volume of physical evidence seized during the many search warrants executed in this case.  Much of this discovery is still being organized and has yet to be produced.  Once it is produced, the defense will need substantial additional time to review and analyze the evidence prior to the filing of pretrial motions and trial.

In this case, the parties all agree that a continuance is necessary to permit further trial preparations. The parties stipulate and agree that the ends of justice served by a continuance outweigh the best interests of the public and the defendant in a more speedy

Stipulated Motion to Continue Trial - 5
*United States v. Duran Aldaco et al.* / CR 24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

trial. The failure to grant a continuance based upon the Government's and defendants' need to prepare the matter for trial would result in a miscarriage of justice by denying the parties the reasonable time necessary for effective preparation for trial, taking into account the exercise of due diligence.

In addition, while not technically grounds for the continuance, a trial date of July 21, 2025, will also give the parties a chance to attempt to negotiate at least some of the defendants' cases short of trial in an orderly fashion.

## V.   CONCLUSION

For the reasons set forth above, the parties jointly and respectfully move the Court to continue trial in this matter to July 21, 2025, and to set a motions' cutoff consistent with the new trial date. Stipulating Defendants will file speedy trial waivers accordingly.

Respectfully submitted this 6th day of June, 2024.

          Respectfully submitted,

          TESSA M. GORMAN
          United States Attorney


          */s/ Casey S. Conzatti*
          CASEY S. CONZATTI
          ELYNE M. VAUGHT
          Assistant United States Attorneys
          United States Attorney's Office
          700 Stewart Street, Suite 5220
          Seattle, Washington 98101-1271
          Phone:  206-553-7970
          Fax:  206-553-4073
          E-mail:  casey.conzatti@usdoj.gov

SO STIPULATED this 6th day of June, 2024 (via email authorization).

*/s/ Isham Reavis*

Stipulated Motion to Continue Trial - 6
*United States v. Duran Aldaco et al.* / CR 24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  ISHAM REAVIS
   BARRY FLEGENHEIMER
2  Attorneys for Hector Duran Aldaco

3
   */s/ Wayne Fricke*
4  WAYNE FRICKE
   Attorney for Damian Pina-Raymundo
5

6  */s/ David Hammerstad*
   DAVID HAMMERSTAD
7  Attorney for Daniel Moreno

8
   */s/ Jeniece LaCross*
9  JENIECE LACROSS
   Attorney for Rogelio Pena
10

11 */s/ Jeffrey Kradel*
   JEFFREY KRADEL
12 Attorneys for Alex Ortiz

13
   */s/John Sheeran*
14 JOHN SHEERAN
   PAULA OLSON
15 Attorneys for Neldin Licona Rivera

16

17

18

19

20

21

22

23

24

25

26

27

Stipulated Motion to Continue Trial - 7
*United States v. Duran Aldaco et al.* / CR 24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970